IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


CALVIN J. STOVER                                                          PLAINTIFF

            v.                       Civil No.  14-5079

OFFICER MATTHEW HASKINS, Springdale
Police Department; OFFICER KEVIN PROCTOR,
Springdale Police Department; OFFICER CHAD
NICCUM, Springdale Police Department;
DETECTIVE DUANE MEADOWS, 19th Judicial
Drug Task Force; KATHY O'KELLY, Chief of
Police, Springdale Police Department; JOHN and
JANE DOE OFFICERS, Springdale Police Department;
BENJAMIN POOLE, Deputy Prosecuting Attorney;
VAN STONE, Prosecuting Attorney; JOHN and JANE
DOE, employees of the Benton County Prosecutor's
Office; SARAH ASHLEY, Public Defender; SCOTT
McELVEEN, Public Defender; JAY SAXTON, Chief
Public Defender; JOHN and JANE DOE, employees
of the Public Defenders Office; ROBIN GREEN, Circuit Court
Judge; SHERIFF KELLY CRADDUCK, Benton
County; and JOHN and JANE DOES, Employees
of the Benton County Sheriff's Office                        DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  He

proceeds *in forma pauperis* and *pro se.*

        The case is before the court for preservice screening under the provisions of the Prison

Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen

any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

AO72A
(Rev. 8/82)

## 1.  Background

According to the allegations of the complaint, on August 25, 2012, the Plaintiff was issued a ticket by Officer Matt Haskins for driving on a suspended license.  Plaintiff believes the issuance of the ticket was a mere pretext to give the police a reason to tow and inventory the car.

Plaintiff alleges that no traffic stop was involved.  He asserts that he was walking to his apartment when he was first approached by Officer Haskins.  According to the Plaintiff, Officer Haskins claims to have seen the Plaintiff driving.

Plaintiff maintains that Officer Haskins, Officer Proctor, and Officer Niccum searched the Plaintiff's home without presenting a warrant.  Plaintiff alleges he was put under arrest inside his home for obstruction of governmental operations.  Officer Haskins picked up the vehicle keys off the living room table and handed them to Officer Proctor who then went outside with Officer Niccum to search the vehicle.  The vehicle, which belonged to Stephanie Sorensen, was locked and parked in a space outside of Building H in which Plaintiff had an apartment.  Drugs and a gun were found in the vehicle.  Plaintiff was then arrested for possession of a controlled substance with intent to deliver and simultaneous possession of a firearm.

The prosecuting attorney who filed the formal charges was Benjamin Poole.  On January 29, 2013, a suppression hearing was held.  Plaintiff states his public defender, Sarah Ashley, failed to have the evidence suppressed.

During the hearing, Plaintiff maintains Officer Haskins committed perjury when he: (1) told Judge Green that he followed the vehicle being driven by the Plaintiff until he pulled into a parking spot in front of Building H; (2) testified there was "no reason to believe [the Plaintiff] had driven the car home;" and (3) said he had been told by the vehicle's owner, Sorensen, that

-2-

she had no way to come and get her vehicle.  Doc. 1 at pg. 11.   According to Plaintiff, Sorensen testified on June 10th, 2013, that she never spoke to Officer Haskins, or any officer, until she arrived at Plaintiff's apartment and an officer was still at the scene.

On May 15, 2013, the driving on a suspended license charge was dismissed.  However, prosecution on the drug and gun charges continued.  Plaintiff maintains this prosecution was in violation of his 4th, 5th, 6th, 8th, and 14th Amendment rights.  He also maintains he was illegally incarcerated and discriminated against due to his race--Black.

Plaintiff alleges that Judge Robin Green forced him to proceed with the suppression hearing and trial despite the fact that he had submitted a grievance about his attorney's conduct to the Office of Professional Conduct and also had submitted a grievance on Judge Green to the Judicial Discipline and Disability Commission.  Plaintiff also alleges that Judge Green conspired with the prosecuting attorney and his public defenders to stall the trial by requiring a mental evaluation.

Plaintiff states there were two botched attempts, one in September of 2013 and one in January 10, 2014, at getting the mental examination.  With respect to the September 2013, botched attempt, Plaintiff alleges that Sheriff Cradduck failed to have him transported to Little Rock for the evaluation.  As a result, Plaintiff states he has been continuously incarcerated.

As relief, Plaintiff seeks compensatory and punitive damages.  Additionally, he seeks injunctive relief to:  stop the inhumane treatment of inmates at the BCDC; stop the ineffective assistance of counsel at the Benton County Public Defender's Office; stop the judicial and prosecutorial misconduct at the Benton County Circuit Court; stop the public defender's office from withholding information and/or evidence from their clients; end racial discrimination and

-3-

the disproportionate number of African Americans being forced to trial; stop depriving inmates of their right to a speedy trial and due process; stop charges being added to an information the day before trial; and stop the inadequate notice of the filing of an information.

### 2. Discussion

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "When we say that a pro se complaint should be given liberal construction, we meant that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered in the proper legal framework." Jackson v. Nixon, 747 F.3d 537, 544 (8th Cir. 2014)(internal quotation marks and citation omitted).

This case is subject to dismissal. First, the claims against Circuit Judge Robin Green are subject to dismissal because "[a] judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." Schottel v. Young, 687 F.3d 370, 372 (8th Cir. 2012)(citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)); see also Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11. It is clear from the allegations of the complaint that neither

-4-

situation applies here.  Judge Green was performing acts as a presiding judge in Plaintiff's criminal case and there is no question that she had jurisdiction over that case.

Further, § 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Plaintiff makes no allegations that the prerequisites for injunctive relief have been met.  Thus, to the extent Plaintiff seeks injunctive relief , his claims are subject to dismissal.

Second, the claims against Prosecuting Attorney Van Stone and Deputy Prosecuting Attorney Benjamin Poole, and the John and Jane Doe employees of the Benton County Prosecutor's Office are subject to dismissal.  The prosecuting attorney is immune from suit.  The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  Id., 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the Defendant prosecuting attorneys are entitled to absolute immunity.  See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable.  While the Supreme Court has not held that absolute immunity insulates prosecutors from declaratory

AO72A
(Rev. 8/82)

or injunctive relief, see Pulliam v. Allen, 466 U.S. 522 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff can make no such showing here.

Plaintiff has also named John and Jane Doe employees of the Benton County Prosecuting Attorneys Office as Defendants.  However, liability under § 1983 requires some personal or direct involvement in the alleged unconstitutional action.  See e.g., Ripon v. Ales, 21 F.3d 805, 808-09 (8th Cir. 1994).  There are no allegations regarding the conduct of these unnamed Defendants.  See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997)(no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993)(section 1983 liability requires some personal involvement or responsibility).

Third, the claims against public defenders Sarah Ashley, Scott McElveen, and Jay Saxton are subject to dismissal.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; DuBose v. Kelly, 187 F.3d 999 (8th Cir. 1999).  The public defenders  were not acting under color of state law while representing the Plaintiff in his criminal proceeding.  Polk County v. Dodson, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Similarly, the John and Jane Doe Defendants, employees of the public defender's office, do not act under color of law.  Further, there are no allegations regarding the personal involvement of any of these unidentified employees.

-6-

Fourth, Sheriff Kelly Cradduck is subject to dismissal.  In his statement of the claim, Plaintiff alleges that Sheriff Cradduck failed to have him transported to a scheduled mental evaluation on September 27, 2013.  This is the only allegation against the Sheriff in the statement of the claim; however, in Plaintiff's claim for relief, he mentions discrimination at the jail, inhumane treatment, inadequate diet, verbal abuse, and the bypassing of grievances at the jail. There is no allegation that the Sheriff was:  aware of Plaintiff's incarceration there; involved in the day to day operations of the jail; aware of Plaintiff's claims that he was being subjected to unconstitutional conditions of confinement; aware that the Plaintiff was supposed to be transported on September 27th; involved in scheduling the transport of inmates; or personally present, or consulted, at any point about the Plaintiff during his incarceration there.  As noted above, section 1983 liability requires some personal involvement or responsibility.  General responsibility for supervising the jail is insufficient to establish personal involvement.  Reynolds v. Dormice, 636 F.3d 976, 981 (8th Cir. 2011).   With respect to the John and Jane Doe Defendants, no allegations are made.

With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity."  Vetch v. Barbels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).   In other words, the official capacity claims are treated as claims against Benton County.  See Murray v. Line, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor."  Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish Benton County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom,

-7-

policy, or practice of the governmental entity." <u>Moyle v. Anderson</u>, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted).  The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

<u>Id</u>. at 817-18.  Here, Plaintiff has not alleged the existence of an unconstitutional policy or custom.

Fifth, the Plaintiff may not pursue claims against Officer Haskins, or any other Defendant,  based on alleged false statements or testimony.  Witnesses at criminal proceedings are entitled to absolute immunity.  <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Sixth, the complaint contains no allegations against Detective Duane Meadows, Chief of Police Kathy O'Kelly, or the John and Jane Doe officers of the Springdale Police Department. As noted above, each Defendant must be personally involved in the alleged constitutional violations under § 1983.

-8-

Finally, any remaining claims against Officer Haskins, and the claims against Officer Proctor and Officer Niccum based on the search of the vehicle, Plaintiff's arrest, and his criminal prosecution, are not presently cognizable.  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Id.</u>, at 486-87.

Plaintiff's claims call into question several aspects of the criminal prosecution against him.  Clearly, these claims cannot proceed at this time.

### 3.  Conclusion

For the reasons set forth above, I recommend that this case be dismissed as all claims asserted are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time).  The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g).  The Clerk should be directed to place a strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff**

AO72A
(Rev. 8/82)

**is reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 25th day of November 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-