IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CALVIN J. STOVER**                                                                                    **PLAINTIFF**

V.                               CASE NO.: 5:14-CV-05079

**OFFICER MATTHEW HASKINS, Springdale
Police Department; OFFICER KEVIN PROCTOR,
Springdale Police Department; OFFICER CHAD
NICCUM, Springdale Police Department;
DETECTIVE DUANE MEADOWS, 19th Judicial
Drug Task Force; KATHY O'KELLY, Chief of Police,
Springdale Police Department; JOHN and JANE DOE
OFFICERS, Springdale Police Department;
BENJAMIN POOLE, Deputy Prosecuting Attorney;
VAN STONE, Prosecuting Attorney; JOHN and JANE
DOE, employees of the Benton County Prosecutor's Office;
SARAH ASHLEY, Public Defender; SCOTT McELVEEN,
Public Defender; JAY SAXTON, Chief Public Defender;
JOHN and JANE DOE, employees of the Public Defender's
Office; ROBIN GREEN, Circuit Court Judge; SHERIFF
KELLY CRADDUCK, Benton County; and JOHN and
JANE DOES, employees of the Benton County Sheriff's Office**      **DEFENDANTS**

## ORDER

Now pending before the Court is *pro se* Plaintiff Calvin J. Stover's Motion for Leave to File Amended Complaint and for Reconsideration (Doc. 21). On September 17, 2015, the Court entered an Order (Doc. 19) adopting the Report and Recommendation ("R & R") of the Magistrate Judge and dismissing the case without prejudice due to frivolousness, immunity issues, or for failure to state claims upon which relief may be granted. As grounds supporting his Motion, Stover recounts in detail the same allegations he set forth in his original Complaint, and he reasserts the same objections to the R & R that the Court carefully considered and overruled in its prior Order.

1

Beginning with Stover's request for leave to file an amended complaint, such a request is not proper as a matter of procedure, as the Complaint was dismissed and the case closed two weeks ago. Moreover, if Stover were to open a new case and file a new complaint, incorporating the allegations set forth in his Motion, he would face yet another dismissal. This is because Stover's Motion regurgitates the same allegations of fact and law that were previously considered by the Court and ultimately deemed either frivolous or insufficient to state valid legal claims.

With respect to Stover's request for reconsideration, such a request may be made pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Lowry ex rel. Crow v. Watson Chapel School Dist.*, 540 F.3d 752, 761 (8th Cir. 2008) (quoting *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (internal citations and quotations omitted)). Rule 60(b) provides that a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Furthermore, Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).

Here, Stover has failed to state any new facts or point the Court to any legal precedent it failed to consider in issuing its prior Order. His Motion does not demonstrate exceptional circumstances justifying reversal of the Court's decision. Accordingly, the Motion for Leave to File Amended Complaint and for Reconsideration (Doc. 21) is

**DENIED**.

    **IT IS SO ORDERED** on this \_1st\_ day of October, 2015.

                                                       TIMOTHY L. BROOKS
                                                       UNITED STATES DISTRICT JUDGE